# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| MICHAEL BARNES, ) | |
| ) | Civil Action No. |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ATLANTIC LIMOUSINES, INC., ) | JURY TRIAL DEMANDED |
| SOHRAB OSKOUEI, AND ) | |
| HOSSEIN OSKOUEI, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## COMPLAINT FOR DAMAGES

COMES NOW Michael Barnes (hereinafter "Plaintiff"), and hereby files this Complaint for Damages against Atlantic Limousines, Inc. (at times, hereinafter, the "company"), Sohrab Oskouei (hereinafter "Robert Oskouei"), and Hossein Oskouei (hereinafter "Hoss Oskouei") (collectively, hereinafter, "Defendants"), showing the following:

## JURISDICTION AND VENUE

1.

Plaintiff brings this action under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq. ("FLSA"), to recover unpaid federally mandated overtime wages owed to Plaintiff, and an additional equal amount as liquidated

1

damages, and reasonable attorneys' fees and costs.

2.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1337, 29 U.S.C. § 216(b), and 28 U.S.C. § 1343(4).

## PARTIES

3.

Defendant Atlantic Limousines, Inc. is now, and at all times relevant to this action has been, a corporation conducting business within this judicial district; Plaintiff was employed by Defendants to perform services within this judicial district; and the unlawful employment practices described herein occurred at 5849 Peachtree Road, Atlanta, Georgia 30341. Accordingly, venue in this Court is proper pursuant to 29 U.S.C. § 216(b); LR 3, Northern District of Georgia.

4.

Defendants may be served with process by delivering copies of the Summons and Complaint to 5849 Peachtree Road, Atlanta, Georgia, 30341, which is the business address for Defendants as well as the address of Defendant Atlantic Limousines, Inc.'s registered agent, Sohrab Oskouei.

5.

Plaintiff is a citizen of the United States of America; a resident of the State of Georgia; and is subject to the jurisdiction of this Court.

6.

Plaintiff worked for Defendants from January 2008 through February 2011 as a Dispatcher.

7.

Plaintiff was an "employee" of Defendants as defined under 29 U.S.C. § 203(e).

8.

Plaintiff was engaged in commerce within the definitions of 29 U.S.C. §§ 206(a) and 207(a).

9.

During Plaintiff's employment with the company, Plaintiff worked an amount of time that was more than forty (40) hours per workweek for which he was not paid an overtime wage differential.

10.

Defendant Atlantic Limousines, Inc. is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

11.

Defendant Robert Oskouei is an owner of Atlantic Limousines, Inc. Defendant Robert Oskouei had discretion over Plaintiff's payroll, compensation, and hours worked. Defendant Robert Oskouei had discretion to control Plaintiff's working conditions.

12.

Defendant Robert Oskouei exercised significant control over Plaintiff and over the functions of Atlantic Limousines, Inc. Defendant Robert Oskouei acts both directly and indirectly in the interest of Atlantic Limousines, Inc and was in a supervisory position over Plaintiff.

13.

Defendant Hoss Oskouei is an owner of Atlantic Limousines, Inc. Defendant Hoss Oskouei had discretion over Plaintiff's payroll, compensation, and hours worked. Defendant Hoss Oskouei had discretion to control Plaintiff's working conditions.

14.

Defendant Hoss Oskouei exercised significant control over Plaintiff and over the functions of Atlantic Limousines, Inc. Defendant Hoss Oskouei acts both

directly and indirectly in the interest of Atlantic Limousines, Inc and was in a supervisory position over Plaintiff.

15.

Defendant Atlantic Limousines, Inc. is an "enterprise engaged in commerce or in the production of goods for commerce" within the definition of 29 U.S.C. § 203(r) and (s).

16.

Defendant Atlantic Limousines, Inc. is an "employer" within the definition of 29 U.S.C. § 203(d).

17.

Defendant Robert Oskouei is an "employer" within the definition of 29 U.S.C. § 203(d).

18.

Defendant Hoss Oskouei is an "employer" within the definition of 29 U.S.C. § 203(d).

19.

Defendants are governed by and subject to 29 U.S.C. § 204 and § 207.

## FACTUAL ALLEGATIONS

20.

Plaintiff was employed by Defendants from January 2008 through February 2011 as a Dispatcher.

21.

The company paid Plaintiff wages on an hourly-rate basis from January 2008 through a date in or around July 2008.

22.

During this time period, Plaintiff worked an amount of time that was more than forty (40) hours per workweek and was not paid the overtime wage differential as required by 29 U.S.C. § 207.

23.

From in or around July 2008 through February 2011, the company paid Plaintiff a set amount of wages for each week Plaintiff worked forty (40) or more hours.

24.

In or around October 2010, Plaintiff received a raise, at which time the company increased the set amount of wages that were paid to Plaintiff for each week Plaintiff worked forty (40) or more hours through February 2011.

25.

During approximately July 2008 through February 2011, Plaintiff was not paid a set amount of wages for weeks Plaintiff worked less than forty (40) hours a week.

26.

The company deducted Plaintiff's pay for full and partial day absences, including Plaintiff's absences due to sickness.

27.

The company did not compensate Plaintiff for loss of salary occasioned by sickness or disability.

28.

The company did not pay Plaintiff on a salary basis.

29.

From approximately July 2008 through February 2011, Plaintiff worked an amount of time that was more than forty (40) hours per workweek and was not paid the overtime wage differential as required by 29 U.S.C. § 207.

30.

Plaintiff performed non-exempt labor for Defendants from January 2008 through February 2011.

31.

Plaintiff's work entailed contacting chauffeurs, providing them with information concerning clients requiring transport, and relaying route and transportation information to chauffeurs regarding these clients.

32.

Plaintiff's primary duty did not entail resolving client disputes or holding dispatch meetings.  Quincy Washington, the Dispatch Manager, and Defendants Robert Oskouei and Hoss Oskouei performed these functions.

33.

Plaintiff's primary duty did not entail hiring, disciplining, or firing chauffeurs.  Quincy Washington and Defendants Robert Oskouei and Hoss Oskouei performed these functions.

34.

Plaintiff was trained on how to perform his duties and was directly supervised by Quincy Washington.  Plaintiff also received training from Defendant Hoss Oskouei and was supervised by Defendants Robert Oskouei and Hoss Oskouei.

35.

Plaintiff used company-provided management software to categorize the transportation status of chauffeurs.

36.

The company instructed Plaintiff on how to use this management software and on how to classify chauffeurs into the software's categories.

37.

The management software's categories were specific; and Plaintiff followed specific procedures to enter data regarding chauffeurs' transports in progress, chauffeurs in route to pick up passengers, chauffeurs awaiting passengers at pick-up sites, chauffeurs' completed transports, chauffeurs available for transports, and chauffeurs in receipt of paperwork for pre-assigned transports.

38.

For clients calling into the company and requesting same-day transportation, Plaintiff followed specific guidelines that required Plaintiff to call upon chauffeurs that would be available and closest to the passengers' pick-up sites.

39.

Plaintiff relayed client pick-up requests to the chauffeurs, who decided, in their discretion, whether to pick up the company's client.

40.

The company instructed Plaintiff on the use of Georgia Navigator, a web-based program he was told was to be used to suggest travel routes to chauffeurs.

41.

Chauffeurs were not required to follow Plaintiff's suggestions on navigation and frequently disregarded Plaintiff's suggestions.

42.

Defendants Robert Oskouei and Hoss Oskouei instructed Plaintiff to assign certain chauffeurs to specified transports, including transports involving important clients ("VIP clients").

43.

Defendants Robert Oskouei and Hoss Oskouei made VIP-client designations at their discretion.

44.

Some VIP-client designations included repeat clients; celebrity clients; and clients that were professional athletes.

45.

Defendants Robert Oskouei and Hoss Oskouei designated chauffeurs that were to be assigned to VIP clients ("VIP chauffeurs").

46.

Plaintiff did not create standards for VIP-client or VIP-chauffeur designations, and Plaintiff did not designate clients or chauffeurs as VIP-clients or VIP-chauffeurs.

47.

Plaintiff did not create or define criteria for which vehicles were to be assigned.  The company created and defined assignment criteria.

48.

The company provided Plaintiff with a rotation schedule for the company's vehicles.  Plaintiff was required to assign vehicles from this subset, subject to further restrictions.

49.

The company required Plaintiff to only call upon specific chauffeurs for particular assignments.  Plaintiff was instructed to only call upon specific chauffeurs to operate the company's more expensive, "high-dollar" vehicles.

50.

Plaintiff was also instructed not to call upon shorter chauffeurs or women chauffeurs to drive the company's sports utility vehicles.

51.

Plaintiff was also instructed not to call upon women chauffeurs to drive at night.

52.

Plaintiff was also instructed not to call upon black chauffeurs to make long-distance transports to rural parts of Georgia.

53.

Plaintiff was also instructed not to call upon white chauffeurs to transport certain black VIP clients.

54.

Plaintiff was also restricted through notations in the company's management software.  For example, Plaintiff received instructions such as, "Send senior chauffeur only."

55.

Plaintiff performed non-exempt labor for Defendant January 2008 through February 2011.   During this time period, Plaintiff worked an amount of time that was more than forty (40) hours per workweek and was not paid the overtime wage differential as required by 29 U.S.C. § 207.

## COUNT ONE
## VIOLATION OF THE OVERTIME PROVISIONS
## OF THE FAIR LABOR STANDARDS ACT

56.

During Plaintiff's employment, from January 2008 through February 2011, Defendants willfully employed Plaintiff in the aforesaid enterprise for workweeks longer than forty (40) hours and failed to compensate him for all hours worked in excess of forty (40) hours per week at a rate of at least one and one half times his regular rate at which he was employed, contrary to 29 U.S.C. § 207.

57.

Pursuant to 29 U.S.C. § 216, Plaintiff brings this lawsuit to recover the overtime wage differential, liquidated damages in an equal amount, attorneys' fees, the costs of this litigation, and any other damages to which Plaintiff is entitled under law.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(a)  Grant Plaintiff a trial by jury as to all Counts in the Complaint;

(b)  Enter judgment awarding Plaintiff unpaid wages pursuant to 29 U.S.C. § 207, 29 U.S.C. § 206(d), liquidated damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. § 216, and court costs, expert witness fees, reasonable

        attorneys' fees as provided under 29 U.S.C. § 216, and all other remedies allowed under the FLSA, including but not limited to punitive damages, should they be permitted;

(c)     Grant declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights; and

(d)     Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted this 24th day of May, 2011.

                              **BARRETT & FARAHANY, LLP**

                              /s/ Michael W. Cohen
                              Amanda A. Farahany
                              Georgia Bar No. 646135
                              Michael W. Cohen
                              Georgia Bar No. 274813
                              Attorneys for Michael Barnes

1100 Peachtree Street, NE
Suite 500
Atlanta, Georgia 30309
Telephone: (404) 214-0120
Facsimile: (404) 214-0125
Email: amanda@bf-llp.com
        michael@bf-llp.com

## **CERTIFICATE OF COMPLIANCE**

The undersigned counsel hereby certifies that this document complies with the type-volume limitations set forth in Rule 5.1 of the Local Rules of the Northern District of Georgia, and has been typed in Times New Roman 14 point.

>/s/ Michael W. Cohen
>Michael W. Cohen
>Georgia Bar No. 274813